UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<small>NTHONY</small> C<small>HANEY</small>,

   Plaintiff,         Hon. Paul L. Maloney

v.               Case No. 1:23-cv-43

V<small>ERTUS</small> P<small>ROPERTIES</small> LLC, et al.,

   Defendants.
_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss. (ECF No. 24). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted in part and denied in part and this matter terminated.

### BACKGROUND

Plaintiff initiated this action against: (1) Vertus Properties LLC; (2) Dirk DeJonge; and (3) Hilary DeJonge. (ECF No. 1). Plaintiff subsequently amended his complaint. (ECF No. 15). In his amended complaint, Plaintiff alleges the following.

On September 30, 2022, Plaintiff injured his foot while visiting friends at a property owned by Vertus Properties. On October 1, 2022, Plaintiff "called the Defendants" to report his injury. Specifically, Plaintiff asked Defendants "to just have [their] insurance company contact [him]." On October 3, 2022, Defendant Dirk DeJonge informed Plaintiff, via text, that "insurance will be contacting you to resolve."

-1-

DeJonge also instructed Plaintiff to neither "visit" nor "trespass" on any Vertus owned properties. Plaintiff asked DeJonge for the reason he was not allowed on the property, but never received a response. According to Plaintiff, Defendants banned him from their property "for getting hurt."

Invoking both state and federal law, Plaintiff asserts that Defendants' actions constitute racial harassment, racial discrimination, and retaliation. Plaintiff seeks $800,000 in damages. Defendants now move to dismiss Plaintiff's complaint. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to

-2-

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

A. Racial Harassment and Racial Discrimination

Plaintiff's federal law claims for racial harassment and racial discrimination are premised on 42 U.S.C. § 1981 and 42 U.S.C. § 1981a. Section 1981 provides, in relevant

-3-

part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. . . ."

To assert a claim under Section 1981, Plaintiff "must initially identify an impaired 'contractual relationship.'" *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006); *see also*, *Williams v. Richland County Children Services*, 489 Fed. Appx. 848, 851 (6th Cir., July 13, 2012) (to assert a claim under § 1981, "the plaintiff must possess some contractual right that defendant blocked or impaired"). Plaintiff has failed to allege facts suggesting the existence, or even expectation, of a contract right or interest between himself and any Defendant. Accordingly, as to Plaintiff's request for relief under 42 U.S.C. § 1981, the undersigned recommends that Defendants' motion be granted.

Section 1981a articulates the damages available to a plaintiff "in cases of intentional discrimination in employment." This provision is merely a "statutory provision for additional recovery of damages in Title VII cases"; it "does not afford an independent ground for relief." *Jones v. Montgomery County Department of Job and Family Services – Children Services Division*, 2018 WL 6455063 at *6 (S.D. Ohio, Dec. 10, 2018) (citations omitted); *see also*, *Pedro v. City Fitness, LLC*, 803 Fed. Appx. 647, 651 n.5 (3rd Cir., Feb. 20, 2020) (§ 1981a "does not create a freestanding cause of action; rather, it merely adds to the remedies available to a Title VII plaintiff"); *Satterfield v. Board of Trustees of the University of Alabama*, 2016 WL 6916828 at *2 (N.D. Ala.,

Feb. 26, 2016) (same). Accordingly, as to Plaintiff's request for relief under 42 U.S.C. § 1981a, the undersigned recommends that Defendants' motion be granted.

    B.    Retaliation

Finally, Plaintiff alleges that Defendants retaliated against him in violation of the Civil Rights Act of 1964. Plaintiff fails, however, to identify the specific provision of the Civil Rights Act of 1964 under which this claim allegedly arises. As Defendants correctly note, the Civil Rights Act of 1964 contains eleven different titles covering a broad array of topics. *See* The Civil Rights Act of 1964: A Long Struggle for Freedom, available at https://www.loc.gov/exhibits/civil-rights-act/epilogue.html (last visited Aug. 15, 2023).

The only provision of the Civil Rights Act of 1964 even remotely applicable to the facts alleged is Title II, which concerns equality in public accommodations. Any such claim fails, however, because Plaintiff has failed to allege that Defendants operate a place of public accommodation. *See* 42 U.S.C. § 2000a. Any claim under Title II is also subject to dismissal because Plaintiff seeks relief Title II does not authorize. *See, e.g., Washington v. Riverview Hotel, Inc.*, 2022 WL 1572286 at *3 (6th Cir., Mar. 10, 2022) (because Title II only authorizes injunctive relief, Title II claim was properly dismissed where plaintiff sought only monetary damages). Accordingly, as to Plaintiff's retaliation claim, the undersigned recommends that Defendants' motion be granted.

C.   State Law Claims

As previously noted, Plaintiff also asserts several state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same). As discussed above, the undersigned recommends that the federal law claims asserted in Plaintiff's amended complaint be dismissed for failure to state a claim on which relief may be granted. Accordingly, the undersigned further recommends that the Court decline to exercise jurisdiction over the state law claims asserted in Plaintiff's amended complaint and instead dismiss such without prejudice so that Plaintiff may pursue them in the appropriate state forum.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 24) be granted in part and denied in part and this matter terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 16, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge