UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY CHANEY,<br>　　　　　　　Plaintiff,<br><br>-v-<br><br>VERTUS PROPERTIES, LLC, *et al.*,<br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:23-cv-43<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND AFFIRMING ORDER GRANTING EXTENSION OF TIME

The Magistrate Judge granted Defendants' motion for an extension of time (ECF No. 27) and then issued a report recommending the Court grant in part and deny in part Defendants' motion to dismiss (ECF No. 28).  Plaintiff Chaney filed objections to the order granting an extension of time and to the report and recommendation (ECF No. 29).  The Court will affirm the order granting the extension of time and will adopt the report and recommendation.

Plaintiff Chaney, proceeding without the benefit of counsel, sued Vertus Properties and Dirk DeJonge.  These defendants filed a motion to dismiss.  Five days later, on March 28, 2023, Plaintiff filed an amended complaint, adding Hillary DeJonge as a defendant.  The Magistrate Judge denied Plaintiff's application for entry of default against Vertus Properties and Dirk DeJonge and ordered those two defendants to file a responsive pleading to the amended complaint within 30 days, which established the deadline on May 5, 2023 (ECF No. 17).  Following service of the complaint on Hillary, her answer to the complaint was due on May 4, 2023 (ECF No. 18).

A.

On May 4, 2023, counsel filed an appearance on Hillary's behalf and filed a motion for a one-day extension of time for Hillary. Counsel explained that he intended to file a single motion to dismiss on behalf of all three defendants on May 5, the deadline for Vertus Properties and Dirk DeJonge to file their motion. Plaintiff opposed the motion for an extension of time. The Magistrate Judge granted the motion (ECF No. 27).

Plaintiff's objection to the order granting the request for an extension of time falls under Rule 72(a) of the Federal Rules of Civil Procedure. Plaintiff has not established that the order was clearly erroneous or is contrary to law. The decision to grant an extension of time constitutes an exercise of discretion. Defendant provided a sufficient reason for the one-day request. And, Plaintiff did not suffer any prejudice from the one-day extension.

B.

In the report and recommendation, the Magistrate Judge recommends dismissing Plaintiff's federal claims for failure to state a claim. For Plaintiff's state law claims, the Magistrate Judge recommends this Court decline to exercise supplemental jurisdiction and recommends dismissing the state law claims without prejudice.

Plaintiff's objection to the report and recommendation falls under Rule 72(b) of the Federal Rules of Civil Procedure. A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). Plaintiff does not specifically address any finding of fact or conclusion of law in the report and

recommendation. The Court finds that Plaintiff has waived any objection to the recommendations in the report.

For these reasons, the Court **DENIES** Plaintiff's objection to the Magistrate Judge's order and **ADOPTS** the report and recommendation.  **IT IS SO ORDERED.**

Date:    August 31, 2023                                          /s/  Paul L. Maloney
                                                                                                          Paul L. Maloney
                                                                                                          United States District Judge